WHITCOMB, Plaintiff in Error, *vs.* WHITCOMB'S ADMINISTRATOR, Defendant in Error.

1. The entry, by a county or probate court, of the non-appearance of a party who has given notice of a demand against an estate, is not a judgment from which an appeal lies. The party must give a new notice.

*Qu.* Whether, in such case, the first notice would be an exhibition of the demand, within the meaning of the statute, so as to prevent a bar, or for the purpose of classification.

*Error to St. Louis Circuit Court.*

*Barton Bates,* for plaintiff in error.

*C. B. Lord, Krum & Harding,* and *M. L. Gray,* for defendant in error.

SCOTT, Judge, delivered the opinion of the court.

On the 2d of May, 1851, Willard Whitcomb gave notice of his demand against the estate of Luke Whitcomb, and that he would present it for allowance to the Probate Court of St. Louis county, at the next term thereof. This notice, it seems,

was served on an agent of the administrator. On the 23d day of September, 1852, the following entry was made in the Probate Court: "Sam'l Lowry, administrator of Luke Whitcomb, appears to answer the demand of Willard Whitcomb against the estate of the said deceased, filed in court on the 16th of June, 1851, and the said Willard Whitcomb, although called, comes not; it is therefore considered by the court, that said claimant take nothing by his said demand, and that said defendant go thereof without day." A motion, unaccompanied with any reason therefor, was afterwards made in the Probate Court, to set this nonsuit aside, which was overruled, and thereupon, Willard Whitcomb appealed to the Circuit Court, where, on motion, the appeal was dismissed, on the ground that there was no such judgment in the Probate Court as would warrant an appeal to the Circuit Court. From this order of dismissal an appeal was taken to this court.

1. We see no necessity for this appeal. The entry on the record of the Probate Court is nothing more than the statement of the fact that Whitcomb did not appear. Call it a nonsuit or any thing else, it amounts to nothing more. The Probate Court cannot affect its powers by the language with which its orders may be clothed. As it was true that the plaintiff did not appear, we do not see how he can complain. It is obvious that the law contemplates no appeal from such an entry as was made. As the plaintiff did not appear in court, in pursuance to his notice, and the adjournments under it, how could he expect the defendant to appear afterwards without another notification. He did not ask for another continuance of the cause, which had already been continued for upwards of fifteen months. From aught that appears, there was a voluntary abandonment of the proceeding which he had begun. When a Probate Court enters the fact of the non-appearance of a plaintiff, who has given notice, it does nothing affecting the plaintiff, more than he has already done himself. It simply records the fact that he did not appear, and, of course, there is an end of the matter, as there can be no pretence that it is the

duty of the court to continue the proceeding, as it is not desired, and as it might be attended with great expense.

These observations are based upon the case under consideration, by which it appears that the claim was filed in court at the term stated in the notice, and the cause was continued from time to time, we may presume, by consent, which would give the court jurisdiction. But, in the event the claimant giving notice, does not appear at the term at which he requires the administrator to be present to answer his demand, we do not see how the administrator could take any step affecting the claimant. What process or evidence would there be before the court, showing that the claimant had required the attendance of the administrator in court, until the production of the notice, authenticated by proof of service? Should the court, on the unauthenticated notice given to the administrator, take any cognizance of the cause in the absence of the claimant? Under such circumstances, would not the proceeding fall to the ground, leaving the claimant to another notice to the administrator to appear and answer his demand? If the administrator should appear with witnesses, and the claimant should fail to attend, there might be some difficulty about the costs. The claimant should be held liable for them, but we do not see on what principle the court would be warranted in entering a judgment for them, with nothing before it on which the judgment could be based.

We suppose the real question lies beneath this proceeding, which cannot, nor is it adapted to reach it. For entering the fact that the plaintiff did not appear, when, in reality, he did not do so, we see no reason why he should be allowed an appeal. He is in no worse condition by reason of the entry, than if it had not been made. In either event, the same remedy was open to him, which would be a new notice to the administrator to appear, and then the question would arise whether the first notice would be an exhibition of the demand, within the meaning of the statute. That question has not been made, and we express no opinion in relation to it.

We do not wish to be understood, by any thing that has been said, as conveying the idea that, on a trial of a demand in the Probate Court, the plaintiff may not submit to a non-suit or withdraw his claim, as circumstances may require. Judge Ryland concurring, the judgment will be affirmed; Judge Gamble not sitting.